IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WARDRICK, | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. AMD-06-2144 |
| UNITED STATES OF AMERICA | * | |
| UNITED STATES DISTRICT COURT, | | |
|     Defendant | * | |
| | *** | |

MEMORANDUM

On September 17, 2002, judgment was entered in this court and Robert Wardrick ("Wardrick") was sentenced to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d). *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal. On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.). The appeal was dismissed by the United States Court of Appeals for the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).

Wardrick is currently confined at the McKean Federal Correctional Institution ("FCI-McKean") in Bradford, Pennsylvania. On August 16, 2006, the court received Wardrick's 42 U.S.C. § 1983 complaint seeking release and compensation. Affording the pro se complaint a generous construction, Wardrick claims that the search and seizure warrant was improperly obtained. He complains that his Fourth Amendment rights were violated when he was illegally arrested, charged, and convicted of the above-noted offenses due to: (1) the absence of probable cause and (2) the failure to call witnesses. Paper No. 1. Because he appears indigent, Wardrick's motion to proceed in forma pauperis shall be granted.

To the extent that Wardrick is seeking damages with regard to the constitutionality of his convictions, the case shall be summarily dismissed without prejudice as his § 1983 Complaint is not

cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). Under *Heck*, a claimant cannot recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486-7. As Wardrick's pro se claims go directly to the legality of his federal convictions, which have not been overturned, his civil rights claims may not proceed.

Insofar as Wardrick seeks to vacate his 2002 firearms convictions in this court, his claims are properly filed in a § 2255 motion and are to be presented to the sentencing court. *See Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *Townsend v. Davis*, 254 F.Supp.2d 978, 981-82 (W.D. Tenn. 2003); *Gonzalez v. United States*, 150 F.Supp.2d 236, 240 (D. Mass. 2001). Wardrick is, however, precluded from seeking successive collateral relief under § 2255 without permission of the Fourth Circuit.[*] *See* 28 U.S.C. § 2244(b).

For the aforementioned reasons, this action shall be dismissed without prejudice  A separate Order follows.

Filed: August 23, 2006                                    /s/
                                                          Andre M. Davis
                                                          United States District Judge

---

[*] To the extent that Wardrick seeks to challenge his federal convictions pursuant to 28 U.S.C. § 2241, this court lacks jurisdiction over the matter. Personal jurisdiction over a § 2241 habeas corpus petition lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Wardrick is confined at the FCI-McKean in Bradford, Pennsylvania and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden/superintendent at that facility. Therefore, assuming that Wardrick may seek § 2241 relief to attack his federal convictions, this court lacks personal jurisdiction over this matter.